UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-07255-ODW (MAAx) | Date | October 8, 2025 |
|---|---|---|---|
| Title | *Linda Thomas v. General Motors LLC et al* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**             **In Chambers**

      On March 27, 2025, Plaintiff Linda Thomas initiated this action against Defendant General Motors ("GM") LLC in state court. (Notice of Removal, Ex. A ("Compl."), ECF No. 1-1.) In her Complaint, Thomas alleges, among other things, breach of express and implied warranties and violations of the Song-Beverly Warranty Act. (*Id.*) Thomas seeks recission of the contract; restitution; attorneys' fees; civil penalties; and general, special, and incidental damages. (*Id.*, Prayer.) On August 6, 2025, GM removed the action to this Court based on diversity jurisdiction. (Notice of Removal ("NOR"), ECF No. 1.) On September 5, 2025, Thomas filed a motion to remand, arguing that GM's removal was untimely. (Mot. Remand, ECF No. 18.) On October 2, 2025, the Court ordered GM to show cause why this action should not be remanded for failing to satisfy the amount-in-controversy requirement for diversity jurisdiction. (ECF No. 19.) On October 7, 2025, GM filed a Response to the Court's Order to Show Cause ("OSC"). (Resp., ECF No. 20.)

      Upon review of GM's Notice of Removal and Response to the Court's OSC, the Court finds GM fails to establish that the amount in controversy exceeds $75,000. Accordingly, the Court **REMANDS** the action and **DENIES** Thomas's motion to remand as moot. (ECF No. 18.)

      Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-07255-ODW (MAAx) | Date | October 8, 2025 |
|---|---|---|---|
| Title | *Linda Thomas v. General Motors LLC et al* | | |

federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id*.

Here, GM argues that Thomas's potential damages exceed $75,000 because the Song-Beverly Act allows a plaintiff to recover the price paid for the vehicle in the form of restitution, plus up to twice the compensatory damages in civil penalties. (Resp. 3.) GM asserts that Thomas's actual damages in controversy total at least $25,003.13 including a mileage offset. (*Id.*) GM also contends that because Thomas "is seeking civil penalties," the amount in controversy should include the "maximum civil penalt[y]," which would "bring[] the total damages to $75,009.39. (*Id.* 4.) Finally, GM contends that based on its experience with Thomas's counsel, the attorneys' fees will push the amount in controversy over the $75,000 threshold. (*Id.* at 3–4.)

First, GM's inclusion of civil penalties to establish the amount in controversy is highly speculative and insufficient to meet its burden. "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages." *See* Cal. Civ. Code § 1794(c). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019); *Estrada v. FC US LLC*, No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish the amount in controversy was "too speculative and are not adequately supported by the facts and evidence"). GM fails to establish that inclusion of civil penalties is appropriate.

Next, GM fails in its burden with respect to attorneys' fees. To support this argument, GM points to its experience with Thomas's counsel. (Resp. 3–4; Decl. Simran K. Thiara ISO Resp. ¶ 7, ECF No. 20-1.) GM does not specify what the fees are, nor does it cite to any authority that can justify inclusion of the proposed attorneys' fees. This plainly does not satisfy GM's burden.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-07255-ODW (MAAx) | Date | October 8, 2025 |
|---|---|---|---|
| Title | *Linda Thomas v. General Motors LLC et al* | | |

*See Kaplan v. BMW of N. Am., LLC*, No. 21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021) ("[Other] cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award."); *D'Amico v. Ford Motor Co.*, No. 2:20-cv-2985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) ("[M]any cases alleging violations of the [Song-Beverly] Act settle early."). Thus, GM fails to establish that inclusion of the proposed attorneys' fees is appropriate.

GM's failure to establish that inclusion of civil penalties or attorneys' fees is appropriate dooms federal subject matter jurisdiction in this case. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Absent civil penalties and attorneys' fees, GM establishes an amount in controversy of only $25,003.13. This falls short of GM's burden to establish the requisite $75,000. *See* 28 U.S.C. § 1332(a). Accordingly, the Court **REMANDS** this case to the Superior Court of the State of California, County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, Case No. 25STCV09022.

All dates are **VACATED**. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |